Filed 1/25/23  Conservatorship of Jacob D. CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| Conservatorship of the Person of JACOB D. | |
| CONTRA COSTA COUNTY PUBLIC GUARDIAN, as Conservator, etc., Petitioner and Respondent, v. JACOB D., Objector and Appellant. | A163694 (Contra Costa County Super. Ct. No. MSP21-00711) |

Jacob D. appeals from a September 14, 2021 order of conservatorship appointing the Contra Costa County Public Guardian as conservator of his person under the Lanterman-Petris-Short Act (Welf. & Inst. Code, § 5000 et seq.) for a one-year period.  Jacob argues substantial evidence did not support the trial court's finding that he was gravely disabled.  The order expired on September 14, 2022, before briefing was complete in the appeal. Jacob acknowledges that his claim is now moot but asks us to consider his appeal notwithstanding its mootness.  We decline to do so and dismiss the appeal as moot.

1

## BACKGROUND

Under the Lanterman-Petris-Short Act, "[a] conservator of the person . . . may be appointed for a person who is gravely disabled as a result of a mental health disorder . . . ." (§ 5350.) A person is " 'gravely disabled' " if the "person, as a result of a mental health disorder, is unable to provide for his or her basic personal needs for food, clothing, or shelter." (§ 5008, subd. (h)(1)(A).)

On May 13, 2021, the public guardian petitioned to be appointed Jacob's conservator under section 5350. The petition was supported by a declaration from a psychiatrist at San Jose Behavioral Health Hospital, where Jacob had been admitted. The psychiatrist's declaration stated that Jacob presented as delusional, anxious, and paranoid. Prior to being admitted to San Jose Behavioral Health Hospital, Jacob reportedly refused to eat, drink, bathe, or brush his teeth. He lost weight and complained of mouth pain, but he refused medical treatment. While at the facility, he refused to change clothes or shower. Jacob did not believe he needed treatment for mental illness and believed his mother made up lies about him to have him admitted to the hospital.

Jacob contested the petition and agreed to a bench trial. At trial, the public guardian presented testimony from Jacob's mother; his stepfather; and an expert clinical psychologist who interviewed Jacob, reviewed his medical records, and spoke with Jacob's mother and social worker. Jacob's mother and stepfather testified that Jacob was living independently in a dirty apartment and that he would not bathe or shower, was not eating enough, and lost weight. Jacob was evicted from his apartment after he accidently started a fire in the microwave. The public guardian's expert witness diagnosed Jacob with schizophrenia. She opined that Jacob was gravely

2

disabled because he could not provide for his food, clothing or shelter needs, and that he would not participate in mental health treatment, including taking medications, unless forced to do so.

Jacob testified that he did not need a conservatorship. He testified that he showers and changes his clothing but not every day. He believed his mother lied about him. Jacob testified that he had a great appetite. He admitted he lost about 10 pounds because he had pain while swallowing, but the pain had gone away. He did not like taking medications and did not believe he needed them.

The trial court found that Jacob was gravely disabled beyond a reasonable doubt and appointed the public guardian conservator of Jacob for a one-year period commencing September 14, 2021.

## DISCUSSION

The appellate court's duty is " ' "to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter at issue in the case before it." ' " (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541.) "The pivotal question in determining if a case is moot is . . . whether the court can grant the plaintiffs any effectual relief." (*Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1574.) Jacob acknowledges that his one-year conservatorship terminated on September 14, 2022, and that his appeal is now moot. However, he requests that the court exercise its discretion to decide whether sufficient evidence supported the trial court's finding of grave disability.

First, we agree that the appeal is moot. Jacob is no longer a conservatee under the order appointing conservator from which he appeals,

3

and therefore, even if we were to find reversible error, we are unable to grant effective relief. Second, although Jacob asks us to exercise our discretion to reach the merits, he does not argue that this case falls within one of the recognized discretionary exceptions to the rule against deciding moot claims. He argues only that it is difficult to resolve an appeal before the one-year expiration of a conservatorship order and that the public guardian has not requested dismissal based on mootness.

We have discretion to reach the merits if (1) a case presents an issue of broad public interest that is likely to recur while evading appellate review; (2) there may be a recurrence of the controversy between the parties; or (3) when a material question remains for the court's determination. (*In re M.R.* (2013) 220 Cal.App.4th 49, 56.) None of the exceptions applies here. The only issue Jacob raises is sufficiency of the evidence. This is not an issue of broad public interest that is likely to recur while evading review. Rather, it is a fact-intensive inquiry specific to Jacob. Nor will there be a recurrence of this controversy between the parties, which relates only to sufficiency of the evidence to support the now expired order. No material question remains for the court's determination. None of the discretionary exceptions to the mootness doctrine applies, and we decline Jacob's request to reach the merits of his claim.

## DISPOSITION

The appeal is dismissed as moot.

4

_____

Jackson, P. J.


WE CONCUR:



_____

Burns, J.



_____

Wiseman, J.*


A163694/*Contra Costa County Public Guardian v. Jacob D.*


_____

      * Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5